# In the United States Court of Federal Claims

No. 23-759
(Filed Under Seal: August 27, 2026)
Reissued: September 1, 2026*

| | |
|---|---|
| ANDERS CONSTRUCTION, INC., Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, Defendant. | ) |

*Jonathan S. Forester*, Reiss LeMieux, LLC, New Orleans, Louisiana, for plaintiff. With him on the briefs was *Christopher K. Lemieux*.

*Brendan D. Jordan*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for defendant.

**OPINION AND ORDER**

***SMITH*, Senior Judge**

This pre-award bid protest returns to the Court on remand with instructions to address previously unresolved claims. Plaintiff Anders Construction, Inc. ("Anders") challenges the United States Army Corps of Engineers' ("USACE" or the "Corps") decision to find its offer technically unacceptable. The Court initially held that USACE arbitrarily and capriciously identified deficiencies in Anders' proposal that rendered it non-compliant with the solicitation. *See Anders Constr., Inc. v. United States*, 171 Fed. Cl. 300 (2024) (subsequent history omitted) ("*Anders I*"). However, the United States Court of Appeals for the Federal Circuit reversed this Court's Opinion and held that USACE properly determined that Ander's proposal was deficient. *Anders Constr., Inc. v. United States*, 2024-2247, 2026 WL 1298183 (Fed. Cir. May 12, 2026) ("*Anders II*"). The Federal Circuit then remanded this protest for the Court to consider Anders' arguments that USACE violated multiple Federal Acquisition Regulations ("FAR"). For the following reasons, the Court **GRANTS** the Corps' motion for judgment on the administrative record, ECF No. 24.

* An unredacted version of this Opinion was issued under seal on August 27, 2026. *See* ECF No. 43. The Court provided the parties with the opportunity to submit proposed redactions. *See* Joint Status Report, ECF No. 45. The parties confirmed that the full Opinion may be filed without redactions.

## I. BACKGROUND

On July 30, 2021, USACE issued Solicitation No. W912P821R004 as a 100% small-business set aside for professional diving services in New Orleans. *See* Administrative R. ("AR"), ECF Nos. 21–22 at 31, 36. Services rendered would support "navigation, flood control, environmental," and other USACE related missions, including to "investigate, survey, and/or remove designated obstructions and sunken vessels." *Id.* at 7, 15. The Solicitation contemplated a one-year base period with four option years that carried a maximum capacity of $5 million. *Id.* at 32. During this procurement, USACE amended the Solicitation fourteen times, both before and after it received initial proposals. *Id.* at 178, 195–240, 2250, 2258–2400, 2410, 4118, 4172, 4196, 4198, 4539, 4541, 4593.

In September 2021, USACE received proposals from Anders, Lotus USA, Inc. ("Lotus"), and Specialty Diving of Louisiana, Inc. ("Specialty"). *Id.* at 1693. A Source Selection Evaluation Board evaluated each offeror's proposal and concluded that Anders submitted the only technical acceptable bid. *Id.* at 1694–95. That December, USACE sent unsuccessful offer letters to Lotus and Specialty which stated that it "will not consider subsequent revisions" of their proposals. *Id.* at 1718, 1720. Thereafter, Specialty requested a debriefing from USACE regarding its technical non-compliance. *Id.* at 1741. Later in January 2022, Specialty insisted that USACE reconsider its offer and deem its proposal as "technically acceptable in all respects." *Id.* at 1792–94. USACE obliged and also reevaluated Lotus and Anders' offers before issuing an updated decision. *See id.* at 2072–79. While the Corps determined that Lotus and Specialty's bids remained technically unacceptable, USACE also concluded that Anders' proposal contained several deficiencies. *Id.* at 2080–102. Since USACE found all three offers non-compliant, each contractor could amend and resubmit their proposals by March 9, 2022. *Id.*

After receiving notice of USACE's decision, Anders filed an agency-level protest alleging that the Corps "manufactur[ed] deficiencies in Anders' proposal" which "create[d] an excuse to allow bidders to revise their proposals." *Id.* at 2118–20. Anders later supplemented its protest with additional proof that its offer was technically acceptable. *Id.* at 2151. On April 19, 2022, USACE confirmed receipt of Anders' agency protest and "promptly notified an independent reviewer within the Agency" to inquire into the company's claims under FAR 33.103(d)(4). *Id.* at 2248. USACE also issued Amendment 7 to the Solicitation that same day which replaced the "initial solicitation and all of its amendments with" an attached revised Solicitation. *Id.* at 2258–400. Amendment 7 modified information related to payments and overtime, the proposal submission schedule, and safe practices manual requirement. *Id.* In response to USACE's corrective action, Anders informed the agency that it would file a bid protest at the Government Accountability Office ("GAO"). *Id.* at 2404–06. At GAO, Anders sought a ruling that it submitted the lowest price technically acceptable bid and should be awarded the contract. *Id.* at 2414, 2422.

In May 2022, the independent reviewer held that Anders' protest before GAO which involved identical issues and relief sought made its agency-level protest academic. *Id.* at 4112–13. GAO then dismissed Ander's bid protest and held that USACE retained discretion to take corrective action to promote competition in July 2022. *Id.* at 4116. The next month, Anders brought another agency-level protest after USACE issued Amendment 10 to the Solicitation. *Id.* at 4118, 4189. That October, Anders filed a second bid protest at GAO regarding "whether divers

are entitled to payment of prevailing wage rates while performing job duties from mobilization location to the dive site under the Solicitation." *Id.* at 4205–13. GAO denied Anders' second protest in January 2023. *Id.* at 4616.

## II. PROCEDURAL HISTORY

Anders sued in this Court on May 23, 2023, asserting that USACE violated numerous FAR provisions and that USACE's reevaluation of its proposal lacked a rational basis. *See generally* Compl., ECF No. 1. The parties agreed to resolve this matter on the administrative record and engaged in a full briefing schedule from late July 2023 to early September 2023. *See* ECF Nos. 22, 24, 26, 27. The Court heard oral argument that November after briefing concluded.

In May 2024, the Court issued its initial Opinion and Order that granted Anders' motion for judgment on the administrative record. *See Anders I*, 171 Fed. Cl. at 314. The Court first held that USACE employed unstated evaluation criterion when it found Anders non-compliant for failing to submit a sample completion report. *Id.* at 309–10. The Court also determined that Anders properly included a "Lost Divers Plan" and a "Sample Repetitive Dive Worksheet" in its offer. *Id.* at 310–11. Furthermore, USACE unreasonably determined that Anders provided insufficient administrative and record-keeping procedures and that one of its supervisors required diver certification. *Id.* at 311–12. Anders then moved for a permanent injunction which sought to enjoin USACE from awarding the contract to anyone but Anders. *See generally* Mot. for Perm. Inj., ECF No. 38. In June 2024, the Court granted Anders' motion and entered judgment in its favor. *See* Order Granting Mot. for Perm. Inj., ECF No 38. USACE appealed the Court's decision to the Federal Circuit in August 2024. *See* Notice of Appeal, ECF No. 40.

On review, the Federal Circuit held that the Court erred "in concluding that [USACE's] technical noncompliance determinations with respect to the lost-diver plan and the administrative and record-keeping outline were arbitrary." *Anders II*, 2026 WL 1298183, at *2. Because the Solicitation provided that "technical acceptability implicitly requires subjective judgment," the court declined to second-guess USACE's decision-making. *Id.* USACE also did not use unstated evaluation criteria and Anders failed to sufficiently address multiple, express solicitation requirements. *Id.* at *3–4. Thus, the court reversed and remanded the case for this Court to consider Anders' FAR claims. *Id.* at *5. In its conclusion, the Federal Circuit "question[ed] whether [Anders'] allegations of FAR violations, even if substantiated, would independently sustain any relief sought." *Id.* Specifically, the court could not "see how any error in the issuance of Amendment 7 could benefit Anders since its claim was that it should have been awarded the contract under the original solicitation." *Id.* at *5 n. 5.

## III. LEGAL STANDARDS

### A. Scope of Review Under Bid Protest Actions.

The Tucker Act confers jurisdiction on this Court "to render judgment on an action by an interested party objecting to . . . the award of a contract or any alleged violation of statute or regulation in connection with [a] procurement . . . " 28 U.S.C. § 1491(b)(1). Interested parties are "actual or prospective bidders or offerors whose direct economic interest would be affected by the

award of the contract or by failure to award the contract." *CS 321 East 2nd Investors, LLC v. United States*, 178 Fed. Cl. 471, 483 (2025) (citing *Percipient.AI v. United States*, 153 F.4th 1226, 1235 (Fed. Cir. 2025)). This Court may award "any relief that [it] considers proper, including declaratory and injunctive relief." 28 U.S.C. § 1491(b)(2).

Bid protests are reviewed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* 28 U.S.C. § 1491(b)(4). Under the APA, a court will set aside a federal agency's decision that is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005); *Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1329 (Fed. Cir. 2004). Agency action is arbitrary and capricious when "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004). Such conduct lacks a rational basis when an agency failed to provide a "coherent and reasonable explanation of its exercise of discretion." *Id.* When challenging an award on the second ground, a plaintiff must show "a clear and prejudicial violation of applicable statutes or regulations." *Id.* Examples of arbitrary and capricious conduct include when a federal agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or [the decision] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Aircraft Indus., Inc.-Birmingham v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Courts must also find that the challenged agency action was prejudicial to the contractor to set aside agency action. *Bannum*, 404 F.3d at 1351. "The second step is always required before setting aside a bid award, regardless of whether the error identified at the first step was arbitrary and capricious action or, instead, a violation of law." *Sys. Stud. & Simulation, Inc. v. United States*, 22 F.4th 994, 997 (Fed. Cir. 2021). A protester suffers prejudice upon a showing "that there was a substantial chance it would have received the contract award but for that error." *Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999) (citation omitted).

This Court will "interfere with the government procurement process only in extremely limited circumstances." *CACI, Inc.-Fed. v. United States*, 719 F.2d 1567, 1581 (Fed. Cir. 1981). In application, the "arbitrary and capricious standard . . . is highly deferential." *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000); *see Grumman Data Sys. Corp. v. Dalton*, 88 F.3d 990, 1000 (Fed. Cir. 1996) (requiring more than *de minimis* errors to obtain relief). Disappointed bidders bear "a heavy burden of showing that the award decision had no rational basis." *Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001)). If there is "a reasonable basis for the agency's action, the court should stay its hand even though it might, as an original proposition, have reached a different conclusion. . . ." *Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989). In sum, a court will not substitute its judgment for that of the agency. *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285–86 (1974) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971)).

### B. Motion for Judgment on the Administrative Record.

Under Rule 52.1 of the Court of Federal Claims ("RCFC"), "a motion for judgment on the administrative record examines whether the administrative body, given all the disputed and undisputed facts appearing in the record, acted in a manner that complied with the legal standards governing the decision under review." *Supreme Foodservice GmbH v. United States*, 109 Fed. Cl. 369, 382 (2013). Courts are required "to make factual findings from the record evidence as if it were conducting a trial on the record." *Bannum*, 404 F.3d at 1356. Unlike a motion for summary judgment, genuine issues of material fact do not preclude the Court from entering judgment. *Id.* at 1355–56; *see id.* at 1356 (noting that unlike a motion under RCFC 56, "proceeding under RCFC [52.1] merely restricts the evidence to the agency record. . . ."). Thus, courts must determine whether a party satisfied its burden of proof based on the record. *Palantir USG, Inc. v. United States*, 904 F.3d 980, 989 (Fed Cir. 2018).

### C. Permanent Injunctions.

Courts may grant injunctive relief upon a showing that "(1) the plaintiff has succeeded on the merits; (2) the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) the balance of hardships to the respective parties favor[] the grant of injunctive relief; and (4) the public interest is served by a grant of injunctive relief." *Centech Grp.*, 554 F.3d at 1037 (citing *PGBA, LLC v. United States*, 389 F.3d 1219, 1228–29 (Fed. Cir. 2004)). While injunctive relief "is based on [the] four-factor test, a plaintiff's failure to achieve success on the merits is dispositive." *Kingfisher Sys., Inc. v. United States*, 145 Fed. Cl. 22, 34 (2019) (citing *PGBA*, 389 F.3d at 1228–29; *Career Training Concepts, Inc. v. United States*, 83 Fed. Cl. 215, 219 (2008)).

## IV. DISCUSSION

### A. None of the Corps' Alleged Violations of FAR Provisions Entitles Anders to Relief.

Anders first argues that USACE violated FAR 15.206(g)(5) when the Corps issued Amendment 7. ECF No. 22 at 21. Among other things, FAR 15.206 mandates that amendments to a solicitation must include a "[d]escription of the change being made." FAR 15.206(g)(5). In substance, Amendment 7 replaced the original Solicitation with a revised version and eliminated the requirement that an offeror submit a Safe Practices Manual with its proposal, among others. *See* AR at 2258–2400; ECF No. 22 at 2. On the form itself, Amendment 7 described its changes as "[r]eplace initial solicitation and all of its amendments with the attached revised solicitation." AR at 2258. By Ander's account, Amendment 7 "does not describe the change being made; rather it just states the Solicitation was changed." ECF No. 22 at 27. This failure "to include a description of any change whatsoever," constitutes a violation of FAR 15.206(g)(5). *Id.* at 21. In opposition, USACE argues that "Amendment 7 included a description and there is no requirement regarding how detailed it be." ECF No. 26 at 13 (citing ECF No. 24 at 26).

For support, the Corps cites a decision from GAO holding that FAR 15.206(g)(5) does not impose "any requirement to provide a summary of changes or to include any specific amount of information if a summary is provided." *Matter of: Relyant Glob., LLC*, B-418693.7, 2021 CPD ¶ 166 (Comp. Gen. April 9, 2021). There, defendant argued that it did not violate FAR 15.206(g)(5)

because "each amendment included an accurate description of the changes being made was [sic] well as the actual changed solicitation text." *Id.* GAO denied the protest because "offerors could find all the changes made by the agency in each amendment if they simply 'read the entire amendment.'" *Id.* *Relyant Glob.* involves a situation where the parties disputed the quality of each description, not the existence of one. In this case, Amendment 7 listed its changes as replacing the original Solicitation and its prior amendments. *See* AR at 2258. Since FAR 15.206(g)(5) does not mandate any level of specificity, USACE summarized its major change in Amendment 7 when it issued a revised Solicitation. While Anders may not appreciate USACE's general description of Amendment 7, it appears that the Corps complied with FAR. Regardless, the Court finds that even if Amendment 7 failed to comply with FAR 15.206(g)(5), "it is unclear how the failure to include a description would have prejudiced Anders[.]" ECF No. 27 at 13–14; *see also Relyant Glob., LLC*, B-418693.7, 2021 CPD ¶ 166 (concluding same).

As a reminder, "[t]o prevail in a bid protest, a protester must show a significant, prejudicial error in the procurement process." *Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999). That requires a protestor to demonstrate that there was a "substantial chance it would have received the contract award but for the alleged error in the procurement process." *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003). Anders' claim that USACE violated FAR 15.206(g)(5) fails on prejudice grounds for multiple reasons. First, the Federal Circuit held that Anders initial bid was technically unacceptable. *Anders II*, 2026 WL 1298183 at *5. Thus, Anders cannot show "it would have received the contract award but for the alleged error" in this instance. *See Info. Tech.*, 316 F.3d at 1319. As the Federal Circuit noted, Amendment 7 issued a revised Solicitation, whereas Anders challenges USACE's evaluation of its proposal under the original version. *See Anders II*, 2026 WL 1298183 at *5 n. 5. And even if Anders submitted a technically acceptable bid, it failed to address how an alleged violation of FAR 15.206(g)(5) jeopardized its proposal. Instead, Anders characterized Amendment 7 as improper corrective action, an unrelated issue to its FAR claim. ECF No. 24 at 30–31. Anders also resolved its own concerns by identifying the changes found in Amendment 7, irrespective of the amendment's general description. *See* ECF No. 22 at 2; *Relyant Glob., LLC*, B-418693.7, 2021 CPD ¶ 166. Without further analysis, Anders failed to develop a cognizable argument to establish prejudice on this issue. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim").[1]

Next, Anders asserts that USACE violated FAR 15.206(c) when the Corps issued Amendment 7—a revised solicitation—"to all bidders, regardless of whether they had been previously disqualified." *See* ECF No. 22 at 9. By transmitting Amendment 7 to Lotus and

---

[1] Anders also alleged that Amendment 10 of this procurement violated FAR 15.206(g)(5). *See* ECF No. 22 at 9–10. According to Anders, Amendment 10 failed to describe all the changes implemented into the document. *See id.* at 9. Upon review, Amendment 10 describes its changes in greater detail than Amendment 7. *Compare* AR at 4118 *with id.* at 2258. For instance, Amendment 10 stated that it would replace "the wage determination with attached Wage Determination No 2002-0190," imposed an August 15, 2022, due date for contractors to submit questions, and updated FAR 52.212-3. *See id.* at 4118. The Court finds that these descriptions satisfy FAR 15.206(g)(5)'s requirements. In addition, the Court notes that Anders' lack of argumentation regarding this purported violation and introducing this issue in its background section waives the argument. *See In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1362 (Fed. Cir. 2012); *Seventh Dimension, LLC v. United States*, 161 Fed. Cl. 110, 129 (2022) (collecting cases).

Specialty, USACE allowed "disqualified bidders . . . to resubmit proposals under reduced requirements." *See id.* at 20. FAR 15.206(c) states that "[a]mendments issued after the established time and date for receipt of proposals shall be issued to all offerors that *have not been eliminated* from the competition." (emphasis added). USACE interprets this provision as "only defin[ing] the entities that amendments 'shall' be issued to," and it "says nothing about who is prohibited from receiving amendments." ECF No. 27 at 11.

While FAR 15.206 specifies when and how an agency must amend a solicitation, "it does not purport to cabin an agency's discretion to amend a solicitation to ensure full competition and thus to permit the government to obtain its minimum requirements at the most favorable price." *EP Prods. v. United States*, 63 Fed. Cl. 220, 225 (quoting *ManTech Telecomm. & Info. Sys. Corp. v. United States*, 49 Fed. Cl. 57, 73 (2001)) (internal quotation marks omitted). The Court declines to cabin the Corp's discretion here. In this case, "the rigid rule that [Anders] espouses here would leave the government at the mercy of a single contractor—even one that has deficiencies in its proposal." *See id.* Along these lines, the Court agrees with USACE that FAR 15.206(c) does not prohibit agencies from sending amended solicitations to non-technically complaint offerors. The Corps issued Amendment 7 in April 2022, well after Anders became ineligible that February. ECF No. 22 at 6. Under Anders' interpretation, no contractor would be entitled to receive Amendment 7 and compete for the award. Preventing an agency from issuing a revised solicitation when all offers were technically unacceptable would interfere with an agency's ability to obtain the best value contracts and to ensure fair competition. *ManTech*, 49 Fed. Cl. at 73. Not only does Anders' ineligibility defeat the crux of its argument—that "Anders was the only, and lowest, technically acceptable bidder"—but again, plaintiff cannot show prejudice when it submitted a deficient proposal. *See* ECF No. 22 at 21. Therefore, Anders' argument that USACE violated FAR 15.206(c) fails because of its flawed premise and it cannot demonstrate prejudice.

Finally, Anders argues that USACE violated FAR 33.103(d)(4) which provides that "interested parties may request an independent review of their protest at a level above the contracting officer." 48 C.F.R. § 33.103(d)(4). According to Anders, USACE's independent reviewer "declined to review the Initial Agency Protest," thereby violating the provision. ECF No. 22 at 6. However, it later concedes that "the independent reviewer did issue a formal decision concerning Anders' agency-level protest." ECF No. 27 at 14 (citing ECF No. 26 at 17–18). Still, Anders challenges the decision as "not includ[ing] any substantive findings whatsoever." ECF No. 26 at 17–18. By contrast, USACE argues that the independent reviewer made a substantive finding and "there is no requirement that the independent reviewer issue an opinion of a quasi-judicial nature" under FAR 33.103(d)(4). ECF No. 27 at 14. The Court agrees with the Corps.

As USACE observes, FAR 33.103(d)(4) does not impose any substantive requirements for an independent reviewer. ECF No. 27 at 14. Instead, it merely reserves a right for contractors to invoke. Anders' concession turns its argument from one of non-compliance to disputing the quality of the independent reviewer's decision. But the reviewer in this case, USACE's Mississippi Valley Division Counsel, concluded that corrective action was appropriate. AR at 2251. A contracting officer for USACE wrote to Anders that the Counsel "declined to issue a decision and demurred instead to the [USACE] corrective action." *Id.* As part of its official decision, the Counsel concluded that Anders' agency protest raised identical issues to its GAO protest which "render an Agency protest decision academic." *Id.* at 4112–13. Thus, the Court

concludes that USACE did not violate FAR 33.103(d)(4). And even if USACE did not perform an independent review, Anders failed to demonstrate how this purported failure prejudiced its proposal. *Alfa Laval*, 75 F.3d at 1367.[2]

Therefore, the Court holds that Anders cannot prevail on any of FAR claims.

### B. Since Anders Cannot Prevail on the Merits, The Court Declines to Grant Injunctive Relief.

A protestor that has "not actually succeeded on the merits of its claim cannot prevail on [their] motion for injunctive relief." *Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 176 (2004) (citing *Nat'l Steel Car, Ltd. v. Canadian Pacific Railway, Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004); *Int'l Resource Recovery, Inc. v. United States*, 65 Fed. Cl. 150, 164 (2005)). Since Anders failed to show that it will succeed on the merits, the Court need not address the other injunctive relief factors. Therefore, the Court holds that granting Anders injunctive relief in this case would be inappropriate.

## V. CONCLUSION

For the forgoing reasons, the Court concludes that Anders cannot establish any of its claims regarding alleged FAR violations by USACE. Accordingly, the Court **DENIES** Ander's motion for judgment on the administrative record, ECF No. 22, and **GRANTS** USACE's motion for judgment on the administrative record, ECF No. 24. The Clerk of the Court is directed to **ENTER JUDGMENT** in favor of USACE consistent with this Order. The parties are further ordered to **FILE** a joint status report on or before **September 3, 2026**, that proposes redactions to this Opinion to allow the Court to file a public version of this Opinion.

**IT IS SO ORDERED.**

s/ Loren A. Smith

Loren A. Smith,
Senior Judge

[2] Anders also discusses FAR 33.103(c) which advises that agencies "should provide for inexpensive, informal, procedurally simple, and expeditious resolution of protests." *See* ECF No. 22 at 2, 7, 40. Anders discusses this provision in its background and conclusion sections but does not make any substantive arguments. *See id.* Because this point lacks development and is couched in a background section, the Court deems Anders' argument as waived. *See Seventh Dimension*, 161 Fed. Cl. at 129.